IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-169-FL

| | | |
|---|---|---|
| KATHY ELIZABETH KAMARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss for lack of jurisdiction (DE # 11) and plaintiff's motion for leave to amend her complaint (DE # 46). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") wherein he recommends that the court allow the motion for leave to amend and deny without prejudice the motion to dismiss. Neither party objected to the M&R, and the issues raised now are ripe for ruling.

A district court may refer any pretrial matter to a magistrate judge for findings and recommendations. See 28 U.S.C. § 636. A party has fourteen days within which to serve and file objections to the magistrate judge's recommendations. Fed R. Civ. P. 72. Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Absent a specific and timely filed objection, the court reviews the magistrate judge's analysis only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

In this case, the magistrate judge recommends allowing plaintiff to amend her complaint to address the deficiencies identified in defendant's motion to dismiss. Specifically, plaintiff seeks to add a constitutional claim to place her case within an exception to the general rule that the denial of a petition to reopen a Social Security claim is not subject to judicial review. See Culbertson v. Sec'y of Health & Human Servs., 859 F.2d 319 (4th Cir. 1988); Young v. Bowen, 858 F.2d 951 (4th Cir. 1988); Shrader v. Harris, 631 F.2d 297 (4th Cir. 1980). The magistrate judge concluded that this amendment would not be prejudicial or futile, and that it was not brought in bad faith. See Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (en banc). Moreover, because the proposed amendment adequately addressed the arguments raised in defendant's motion to dismiss, the magistrate judge concluded that defendant's motion would be mooted if plaintiff's motion for leave to amend was allowed.

Upon a careful and considered review of the M&R and the record in this case, the court agrees with the analysis of the magistrate judge. Accordingly, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's motion for leave to amend her complaint (DE # 46) is ALLOWED. Defendant's motion to dismiss for lack of jurisdiction (DE # 11) is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the ___17___ day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2