IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-169-FL

| | |
|---|---|
| KATHY KAMARA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>)<br>Defendants. ) | **MEMORANDUM AND<br>RECOMMENDATION** |

This matter comes before this court on the motion of Plaintiff Kathy Kamara ("Plaintiff") for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [DE-79]. Plaintiff seeks $11,195.87 in fees and $590.42 in costs for the work of her counsel in this matter. *Id.* The Commissioner of Social Security ("Commissioner") does not contest that Plaintiff is a prevailing party or her entitlement to an award, but challenges the amount requested by Plaintiff as being unreasonable. [DE-80]. The matter is fully briefed and ripe for review. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this court recommends that Plaintiff's motion for attorney's fees be allowed in part and denied in part.

## I. BACKGROUND

On July 18, 2006, Plaintiff protectively filed an application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability beginning February 8, 2006. [DE-57]. After the denial of both claims initially, and upon

reconsideration, a hearing before the Administrative Law Judge ("ALJ") was held on August 13, 2008. *Id.* At the hearing, Plaintiff's counsel moved to reopen Plaintiff's prior applications from 1998 and 2001, both of which were filed pro se, on the grounds that Plaintiff was mentally incapable of understanding the administrative process and protecting her own rights. *Id.* On August 29, 2008, the ALJ issued a "fully favorable" decision as to Plaintiff's 2006 application, finding Plaintiff became disabled as of her alleged onset date. *Id.* However, the ALJ declined to reopen Plaintiff's prior claims. *Id.*

Plaintiff appealed the denial to reopen her prior claims from 1998 and 2001 to the Appeals Council; however, on February 26, 2010, the Appeals Council affirmed the ALJ's decision not to reopen prior claims. *Id.* Plaintiff then commenced the underlying proceedings on April 29, 2010, challenging the lawfulness of the ALJ's denial of Plaintiff's request to reopen all prior applications for a period of disability, DIB and SSI payments. *Id.* On July 9, 2010, in lieu of filing an answer to the complaint, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted pursuant to Rules 12(b)(1) and (6), respectively. *Id.* Plaintiff responded and Defendant replied. On October 18, 2010, Plaintiff filed a motion for leave to amend her complaint [DE-46] wherein she alleged an unconstitutional denial of her right to due process, to which Defendant responded [DE-49] and Plaintiff replied [DE-56].

On March 17, 2011, the district court granted Plaintiff's motion for leave to amend her complaint and denied without prejudice Defendant's motion to dismiss for lack of jurisdiction [DE-59]. On March 22, 2011, Plaintiff filed an amended complaint [DE-60] and on April 14, 2011 Defendant filed an answer. [DE-62]. On August 2, 2011, Plaintiff filed a motion for judgment on the pleadings [DE-70] to reverse or modify the decision of the Commissioner or to remand the case

for a re-hearing. On September 30, 2011, Defendant filed a motion to remand to the Social Security Administration ("SSA"), [DE-75], which was granted by the court on October 3, 2011 [DE-77]. On October 4, 2011, an order was entered [DE-78] denying the Defendant's motion to dismiss for lack of jurisdiction without prejudice and granting Defendant's motion to remand. The court reversed the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) and remanded the case to the Commissioner for further proceedings. *Id.* Plaintiff made the instant application for attorney's fees and expenses on November 1, 2011, under the EAJA [DE-79]. Defendant filed a response on November 18, 2011 [DE-80], and Plaintiff filed a reply on January 23, 2012 [DE-88].

## II. DISCUSSION

The EAJA provides that a district court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action" against the United States, or an agency thereof, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not dispute that Plaintiff was a prevailing party, nor claim that the position of the agency was substantially justified or that special circumstances make an award unjust. [DE-80 at 1]. Rather, the Commissioner argues that the hourly rates charged and the number of hours claimed by Plaintiff's attorney are excessive; thus, Plaintiff's requested fee award should be substantially reduced. *Id.* Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. *See Hyatt v. Barnhart*, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In general, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Id.* at 253

3

(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

A.   **Number of Hours Charged**

Plaintiff seeks an award of $11,195.87 in fees for 65.1 hours of work and $590.42 in expenses. In support of this request, the Plaintiff submits affidavits and billing records detailing the hours claimed by counsel in preparing this case.

Counsel "should submit evidence supporting the hours worked, and exercise 'billing judgment' with respect to hours worked." *Hyatt*, 315 F.3d at 253 (quoting *Hensley*, 461 U.S. at 433-34). The court has broad discretion to determine what constitutes a reasonable fee award. *See* 28 U.S.C. § 2412(b); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991). Factors the court must consider in determining a reasonable fee award is "[t]he extent of a plaintiff's success," "the novelty and complexity of the issues presented, and the experience and skill of the attorney." *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 U.S. Dist. LEXIS 9903, at *9-*10, 2008 WL 360989, at *3-*4 (E.D.N.C. Feb. 8, 2008) (quoting *Hyatt*, 315 F.3d at 254). "[S]ome consensus [exists] among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r SSA*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007); *see also Dixon*, 2008 U.S. LEXIS 9903 at *10, 2008 WL 360989 at *4 (noting that "compensated hours generally range from twenty to forty hours") (quoting *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987)).

Time reasonably spent on pre-complaint investigation, legal research, and informal discovery relevant to developing the theory of the case is recoverable under EAJA. *Lucas v. White*, 63 F. Supp. 2d 1046, 1058-59 (N.D. Cal. 1999); *see also Ward v. Astrue*, No. 3:11-CV-523-J-TEM, 2012 U.S. Dist. LEXIS 69554, at *7-*8, 2012 WL 1820578, at *2 (M.D. Fla. May 18, 2012) (internal citations

omitted) (Plaintiff's counsel's hours for pre-complaint work of reviewing the administrative file, creating Plaintiff's affidavit of indigency, and the motion for *in forma pauperis* status are reasonable for EAJA fees, including telephonic conferences with client). However, clerical tasks are considered overhead, and thus are not compensable under the EAJA because the services do not require professional skill or expertise. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Upon careful review of counsel's time sheets and affidavits, the court finds the number of hours claimed by the Plaintiff's attorney in litigating this matter to be excessive and not properly compensable under the EAJA.

1. <u>2.8 Hours Billed on March 2, 2010 and April 26, 2010 for Pre-Complaint Work</u>

First, Defendant challenges 2.8 hours billed by Plaintiff's counsel on March 2, 2010 and April 26, 2010, for what Defendant terms "clerical tasks." Plaintiff's attorney's time included 0.9 hours to review the "Notice of Appeals Council Action" and conduct a telephone conference with Plaintiff to advise her of the Appeals Council denial and to review options for appeal with Plaintiff; 1.5 hours to conduct an in-office conference with Plaintiff to gather all financial data for the application to proceed *in forma pauperis*, and to have documents typed by a legal assistant; and 0.4 hours for an office conference with Plaintiff to have her review and execute an application to proceed *in forma pauperis*.

Plaintiff was not represented by counsel on any prior social security application, and 0.9 hours is a reasonable amount of time to review the Notice of Appeals Council Action and to conduct a telephone conference with Plaintiff in light of the fact that Plaintiff's counsel would need time to familiarize herself with the case and review Plaintiff's options. Moreover, the court views the telephone and in-office conferences as more than "clerical tasks," as Plaintiff's counsel had an

5

obligation to review appeals issues with Plaintiff, and these issues and data were too complex and too extensive to be covered in one hour with a Plaintiff who, as the record reflects, has a full scale IQ of 59, and who has trouble reading, writing a letter, and understanding basic mathematics. These tasks were necessary to prepare the application to proceed *in forma pauperis* and were appropriately performed by the attorney. *See Ward*, 2012 U.S. Dist. LEXIS 69554, at *7-*8, 2012 WL 1820578, at *2.

However, Plaintiff's counsel also billed time to "have documents typed by Legal Assistant," which is a clerical task and is not properly compensable. [DE-79 at 7]; *see Jenkins*, 491 U.S. at 288 n.10. Plaintiff's counsel does not delineate how much time was used for the telephonic and office conferences and how much time was devoted to clerical time. However, the court finds it reasonable to attribute 0.8 hours to the non-compensable clerical task based on the nature of the complaint. Therefore, the court recommends that the overall number of hours claimed for these tasks be reduced from 2.8 to 2.0 hours.

2. <u>2.8 Hours Billed on April 27, 2010 to Prepare Complaint</u>

Defendant next challenges 2.8 hours of attorney time on April 27, 2010, for Plaintiff's attorney to prepare the two-page complaint. Plaintiff's counsel argues that, in addition to the complaint, Plaintiff's counsel prepared five summonses directed to five different individuals, the civil cover sheet, and the financial disclosure statement. Also included in this time was a telephone conference with Plaintiff to verify the accuracy of data relating to the denial of re-opening of the prior applications, as needed for the complaint.

Plaintiff's counsel's preparation of the five summonses, the civil cover sheet, and the financial disclosure statement are clerical tasks and are not properly compensable. *See Jenkins*, 491 U.S. at

288 n.10; *see also Surge v. Massanari*, 155 F. Supp. 2d 1301, 1305 n. 7 (M.D. Ala. 2001) (clerical tasks include preparing summons); *Brandt v. Astrue*, No. 08-0658-TC, 2009 U.S. Dist. LEXIS 50268, at *10, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) (preparing a summons and civil cover sheet are clerical tasks not compensable under the EAJA). Additionally, the complaint was a two page boilerplate document. *See Louis v. Astrue*, No. 1:10-CV-00656-SMS, 2012 U.S. Dist. LEXIS 4139, at *13-14, 2012 WL 92884, at *5 (E.D. Cal. Jan. 11, 2012) (reducing time in view of the "pro forma nature of . . . the complaint"). Accordingly, the court recommends that Plaintiff's counsel's time be reduced from 2.8 hours to 1.0 hour.

3.    3.2 Hours Billed in 2010 to Contact Social Security Officials

Defendant next asserts that it was unreasonable for Plaintiff's counsel to spend what Defendant determined to be 4.5 hours on "correspondence" in 2010 with Social Security Administration officials to request copies of Plaintiff's prior applications and files. Defendant asserts that the copies were unnecessary for the appeal. Defendant and Plaintiff's counsel disagree as to the amount of time Plaintiff's counsel spent on this particular correspondence, with Defendant asserting it was 4.5 hours and Plaintiff's counsel asserting that the total time in contacting social security officials was only 3.2 hours. Neither party, however, explains to which time entries they are referring.

Upon review by the court, the following entries appear to involve correspondence with SSA officials seeking copies of Plaintiff's prior applications and files: (1) 0.8 hours entry on April 27, 2010 to draft, prepare, and revise a "follow-up" letter to SSA Raleigh District Manager Flournoy to locate original Kamara applications/files; (2) 0.4 hours entry on August 27, 2010 to draft and revise a follow-up letter to Flournoy at Raleigh SSA district office seeking copies of Kamara's prior

7

applications/files; (3) 0.7 hours entry on September 16, 2010 to call Flournoy at the Raleigh district office and to "review info on Kamara's motion – and need for early applications;" (4) 0.8 hours entry on September 22, 2010 for a telephone conference with Batchelor of district office regarding original application files requested and to confirm he will order and expedite same; and (5) 0.5 hours entry on November 29, 2010 to email Bishop at the social security district office seeking original applications. These tasks total 3.2 hours.

In reviewing counsel's time entries, however, the court should hesitate to second guess which documents Plaintiff's counsel felt were necessary to aid in her handling of this case, even if she did not ultimately need them in her case. *Lucas*, 63 F. Supp. 2d at 1058-59 (time reasonably spent on informal discovery relevant to developing the theory of the action is recoverable under EAJA). "[A] reasoned decision as to whether to pursue a particular avenue of discovery is within an attorney's discretion." *Identiseal Corp. v. Positive ID Sys.*, 560 F.2d 298, 302 (7th Cir. 1977); *see also Chao v. Laurelbrook Sanitarium & Sch., Inc.*, No. 1:07-CV-30, 2012 U.S. Dist. LEXIS 70880, at *19, 2012 WL 1836287, at *6 (E.D. Tenn. May 21, 2012) (matters related to potential evidence, trial strategy, and litigation efforts should be included as part of the attorney fee award). If the records had been supplied by the SSA, or a reasonable explanation given as to why the SSA was not supplying the records, Plaintiff's counsel would not have had to spend so much time attempting to retrieve them. In fact, one of the key allegations in Plaintiff's amended complaint was that the repeated failure to provide Plaintiff with the prior applications and files was a denial of due process of law pursuant to the Fifth Amendment. Therefore, the court finds these fees reasonable and, therefore, recommends Plaintiff's counsel's time of 3.2 hours be compensated.

4. <u>4.9 Hours Billed on October 8, 17, and 18, 2010 to Draft Amended Complaint</u>

Defendant next asserts that certain hours expended by Plaintiff's counsel working on the amended complaint should not be reimbursed. Specifically, Defendant contests a time entry on October 8, 2010, which bills 0.5 hours for an "office conference with [p]aralegal" and the gathering and organizing of "legal research, evidence, pleadings, and documents for preparation of Motion for Amendment to Complaint and supporting brief" by a paralegal. This time entry does not explain or describe the substance of the conference with the paralegal. Additionally, having a paralegal gather documents to append to a motion to amend a complaint appears to be a clerical activity not compensable under the EAJA. *See Jenkins*, 491 U.S. at 288 n.10. Therefore, the court recommends that the 0.5 hours entry on October 8, 2010 be found non-reimbursable.

Defendant also contests 2.3 hours on October 17, 2010, for Plaintiff's counsel to draft the amended complaint and 2.1 hours on October 18, 2010, for Plaintiff's counsel to revise the motion to amend and the amended complaint. Defendant does not argue that this time was excessive. Rather, Defendant claims that it was the Commissioner's motion to dismiss for lack of subject matter jurisdiction which alerted Plaintiff that she had failed to allege any constitutional claims to establish subject matter jurisdiction. [DE-80 at 3]. Accordingly, Defendant contends the Commissioner should not be required to pay for Plaintiff's "lack of strategy in formulating her cause of action." *Id.*

The court does not view this alleged failure by Plaintiff's counsel as a lack of strategy in formulating Plaintiff's cause of action, but an attempt to develop a strategy. The amendment specifically defined Plaintiff's constitutional rights and the language of the amended complaint was lengthy, detailed, and necessary to Plaintiff's case. Therefore, the court recommends that these fees be found reasonable.

9

5.  17.3 Hours Billed in 2010 for Legal Research on Constitutional Issues

Defendant next classifies as "excessive" the 17.3 hours billed in 2010 for Plaintiff's counsel's legal research on constitutional issues in order to draft the amended complaint, to respond to Defendant's motion to dismiss, and to draft Plaintiff's motion for judgment on the pleadings, and thus contends this bill entry should be reduced to 4.0 hours.

Here, the underlying case was not a standard appeal to the United States District Court from a denial of social security disability benefits. Rather, it was a due process challenge to Defendant's refusal to re-open Plaintiff's prior multiple applications as mandated by the regulations and circuit precedent. *See, e.g., Tucker v. Shalala*, No. 90-1023-FGT, 1994 U.S. Dist. LEXIS 4377, at *3, 1994 WL 114842, at *1 (D. Kan. Mar. 22, 1994) ("the introduction of constitutional issues in this case, leading to the reopening of a prior application for benefits, calls for a higher fee"). Additional legal research in this case was necessary to facilitate denial of the motion to dismiss and Plaintiff's ultimate success in this case. Moreover, Defendant conceded to remand based on the analysis in the documents containing the legal research.

However, the court does agree that 17.3 hours of legal research is excessive. Plaintiff's counsel is a board-certified specialist in social security law and has been practicing for 31 years. The due process question presented in this case, although not necessarily one that is routine to most social security cases, was a basic question of constitutional law under the due process clause for which there was established precedent at the time Plaintiff litigated the issue. Therefore, the court recommends that the number of hours be reduced from 17.3 to 5.0 hours. *See Chase v. Astrue*, 2011 U.S. Dist. LEXIS 19411, at *8, 2011 WL 777898 at *3 (W.D. Ark. February 25, 2011) (17.4 hours for reviewing 531-page administrative transcript and preparing 21 page brief containing no unique

10

or complex issues prepared by counsel who frequently represents social security plaintiffs found to be excessive).

6. <u>0.6 Hours Billed on October 3 and 4, 2011 to Review Court's Order and Judgment</u>

Defendant next asserts that Plaintiff's counsel should not be reimbursed for the time spent in reviewing and analyzing the court's remand order filed by the court on October 3, 2011 and the judgment on October 4, 2011, rather than the 0.3 hours assigned to each, because they were routine, one page orders that require no more than mere seconds to review. Plaintiff's counsel asserts the review process entails more than a simple review of the orders: she must review electronic mail, ascertain that a filing has been made by the court, download and print the document, and then review and index the same in the formal pleading book. These functionary tasks are clerical in nature and are not reimbursable under the EAJA. *See Jenkins*, 491 U.S. at 288 n.10.

However, tasks "such as reviewing court documents . . . are typically performed by an attorney and are compensable." *Fontana v. Astrue*, No. 1:10-CV-0932-DLB, 2011 U.S. Dist. LEXIS 79666, at *8, 2012 WL 259945, at *3 (E.D. Cal. July 21, 2011). Nonetheless, the October 3rd and October 4th orders are 2 pages and 1 page in length, respectively. The court agrees that billing 0.6 hours to review documents of this length is excessive and therefore recommends the time to read both orders be reduced from 0.6 hours to a total of 0.2 hours.

7. <u>6.2 Hours Billed in October 2011 to Draft EAJA Petition</u>

Finally, Defendant asserts that the 6.2 hours billed by Plaintiff's counsel to prepare the EAJA Application should be reduced to one hour, because the EAJA Petition is only one and a half pages, and time records are to be maintained contemporaneously. Preparing an itemized time sheet for an EAJA fee motion is not a clerical task, as counsel must review the time records to make sure the time

11

is properly billed to the client, ensure that time billed is accurate, and ensuring any privileged information is redacted. *Stairs v. Astrue*, No. 1:10-CV-0132-DLB, 2011 U.S. Dist. LEXIS 79691, at *8-*9, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011); *see also Fortes v. Astrue*, No. 08-CV-317-BTM (RBB), 2009 U.S. Dist. LEXIS 84770, at *11, 2009 WL 3007735, at *4 (S.D. Cal. Sept. 17. 2009) (allowing 2.75 hours reviewing time records and logs to prepare a billing sheet in support of an EAJA motion).

However, Plaintiff's counsel spent an additional 2.2 hours on the following tasks: 0.3 hours to calculate and docket the time frame for submission of the EAJA application, and 1.9 hours on legal research regarding EAJA application procedures, calculation of attorneys fees, and recent case law for EAJA issues. The 0.3 hours counsel billed to calculate and docket the time frame for submission are clerical in nature, and therefore should not be reimbursed. *See Jenkins*, 491 U.S. at 288 n.10. Additionally, the legal research described above reasonably could be completed in an hour, and the court therefore recommends reducing the amount of time for legal research by 0.9, for a total reduction of 1.2 hours. In sum, the court recommends the billing hours regarding the drafting of the EAJA application be reduced from 6.2 hours to 5 hours.

8. <u>LEXIS and Courier Expenses</u>

Defendant also claims that a Lexis research bill of $548.42 and a courier charge of $42.00 were unreasonable expenses because Plaintiff's counsel did not indicate with specificity anything about these charges or how many hours she spent researching. Costs ordinarily billed to the client, such as telephone calls, postage, courier, and attorney travel expenses, are recoverable under the EAJA. *Int'l Woodworkers, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986). Computerized research expenses are compensable under the EAJA. *Jean v. Nelson*, 863 F.2d 759,

12

778 (11th Cir. 1988); *Johnson v. Astrue*, No. C-07-2387-EMC, 2008 U.S. Dist. LEXIS 68681, at *8-*9, 2008 WL 3984599, at *3 (N.D. Cal. Aug. 27, 2008). "The limitation on the amount and nature of such expenses is that they must be 'necessary to the preparation of the [prevailing] party's case.'" *Jean*, 863 F.2d at 778 (quoting 28 U.S.C. § 2412(d)(2)(A)).

In her reply to Defendant's opposition, Plaintiff's counsel has indicated that the Lexis charges were actual charges paid to Lexis by counsel's firm which were attributable to the time spent online with Lexis for research on this particular case to defend against Defendant's motion to dismiss and to prepare Plaintiff's motion for judgment on the pleadings. However, Plaintiff's counsel makes no attempt to further detail the expenditures for the courier. The only information Plaintiff's counsel provides is a date and expense total. The burden of demonstrating the reasonableness of an expense rests on Plaintiff's counsel, and she has not provided the court with a basis upon which to conclude that the courier bill was reasonable in this case. *Hyatt*, 315 F.3d at 253. The lack of specificity in the courier bill renders it unreviewable, and the court recommends that Plaintiff's counsel's request for Lexis and courier expenses be reduced by $42.00, for a total of $548.42.

### B. Hourly Rate

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the court's sound discretion. *Payne v. Sullivan*, 977 F.2d 900, 901 (4th Cir. 1992). The Fourth Circuit has held that an increase in the statutorily prescribed rate for attorney's fees

13

should be based on a general cost of living index. *See Sullivan v. Sullivan*, 958 F.2d 574, 578 (4th Cir. 1992). District courts interpreting *Sullivan* have settled on the U.S. Department of Labor's Consumer Price Index-South Urban Area ("CPI-SUA") as the proper measure to incorporate a cost of living adjustment in EAJA cases. *See Dixon*, 2008 U.S. Dist. LEXIS 9903, at *14, 2008 WL 360989, at *5 (explaining the CPI-SUA "is used to measure the cost of living adjustment for North Carolina) (emphasis omitted). Furthermore, the court may not use a single rate for time entries spanning more than one calendar year. *See id.*, 2008 U.S. Dist. LEXIS 9903, at *13-*14, 2008 WL 360989, at *4 (explaining "fees incurred in a particular year must be indexed using the cost of living multiplier to that year, and so on for each year in which fees were incurred") (citation omitted). Here, Plaintiff requests an hourly rate of $169.99 and $176.92 for services performed by her attorney in 2010 and 2011, respectively, which purportedly reflects a statutorily allowable adjustment for cost of living. Plaintiff provided no explanation as to how she arrived at these rates, but rather attached the CPI-SUA as an exhibit to her EAJA application.

The cost of living adjustment is calculated from March 1996, the date the EAJA was amended to reflect the current hourly rate of $125.00. *See Dixon*, 2008 U.S. Dist. LEXIS 9903 at *15, 2008 WL 360989, at *5; *Harris*, 792 F. Supp. at 1016-17. In March 1996, the CPI for "South Urban Area" was 152.4 ("Basis"). *Dixon*, 2008 U.S. Dist. LEXIS 9903 at *15, 2008 WL 360989, at *5. The annual year CPI for "South Urban Area" for 2010 was 211.338, and for 2011 was 218.618.[1] To determine the hourly rate for each of these years, the court uses the following formula: **Annual Year CPI/Basis = Multiplier x $125.00 = Hourly Rate for Year**. *See Dixon*, 2008 U.S.

---

[1] United States Dept. of Labor, Bureau of Labor Statistics, Consumer Price Index – All Urban Consumers (Sept. 12, 2012), available at http://data.bls.gov/pdq/SurveyOutputServlet?series_id=CUUR0300SA0,CUUS0300SA0.

14

Dist. LEXIS 9903 at *15, 2008 WL 360989, at *5; *Harris*, 792 F. Supp. at 1018. Based on the above formula, the "South Urban Area" hourly rate for 2010 and 2011 is **$173.34** *(211.338 / 152.4 = 1.3867 x $125.00)* and **$179.31** *(218.618 / 152.4 = 1.4345 x $125.00)*, respectively. *See Dixon*, 2008 U.S. Dist. LEXIS 9903, at *15-*16, 2008 WL 360989, at *5.

Applying the hourly rate to the number of hours in each year yields the following total of $8,451.68 in attorney's fees:

2010: 29 hours x $173.34/hr. = $5,026.86

2011: 19.1 hours x $179.31/hr. = $3,424.82

Total attorney's fees = $8,451.68[2]

Additionally, the court recommends that Plaintiff's attorney be reimbursed for expenses totaling $548.42. Accordingly, the court recommends a total award of $9,001.10.

### III. CONCLUSION

For the reasons stated above, this court RECOMMENDS Plaintiff's motion [DE-79] be allowed in part and denied in part.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

---

[2] As explained above, Plaintiff's counsel submitted 44.3 hours in 2010 and 20.8 hours in 2011, which this court has recommended be reduced to 29 hours and 19.1 hours, respectively, for a total of 48.1 hours.

Submitted, this the 13th day of September, 2012.

                                                          Robert B. Jones, Jr.
                                                          United States Magistrate Judge